IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RICARDO PEREZ-CALDERON, | § § § | |
| Movant, | § § | |
| v. | § § | EP-14-CV-0399-PRM<br>EP-11-CR-1560-PRM-1 |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Ricardo Perez-Calderon's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [hereinafter "Motion"] (ECF No. 49).[1] In his Motion, Movant, a prisoner at the Federal Correctional Institution in Yazoo, Mississippi, challenges the eighty-four-month sentence the Court imposed in his case after he pleaded guilty to failing to register as a sex offender and illegally re-entering the United States. Movant alleges that his trial counsel provided constitutionally ineffective assistance.[2] For the reasons set forth

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-11-CR-1560-PRM-1.

1

below, the Court concludes that Movant's Motion is time-barred and that he is not entitled to equitable tolling. Accordingly, the Court will deny his Motion and dismiss his civil cause with prejudice. Additionally, the Court will deny him a certificate of appealability.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2011, Movant was arrested, and on June 8, 2011, a criminal complaint was filed against Movant, charging him with violating 8 U.S.C. § 1326, which prohibits the illegal re-entry of a deported alien into the United States.[3] On June 22, 2011, a grand jury sitting in the Western District of Texas, El Paso Division, returned a two-count indictment against Movant, charging him with one count of failure to register as a sex offender, and one count of illegal re-entry.[4] On September 8, 2011, Movant entered a plea of guilty on counts one and two of the indictment.[5] The Court sentenced Movant to eighty-four months imprisonment on each of counts one and two,

---

[2] Mot. 4–7, Oct. 27, 2014, ECF No. 49.

[3] *See* Crim. Compl, June 1, 2011, ECF No. 1 (citing 8 U.S.C. § 1326).

[4] Indictment 1–2, June 22, 2011, ECF No. 8.

[5] Min. Crim. Proceeding, Sept. 8, 2011, ECF No. 28.

to be served concurrently.[6] Movant appealed the Court's sentence, and the Fifth Circuit Court of Appeals affirmed the sentence on November 15, 2012.[7] Movant did not file a petition for writ of certiorari with the Supreme Court.

Movant alleges three grounds for setting aside his sentence, all of which are ineffective-assistance-of-counsel claims. First, Movant alleges that counsel failed to file timely objections to the pre-sentence report, failed to request the application of the Department of Justice policy on early disposition release program to his case, failed to object to an "erroneously applied criminal history category," and "failed to preserve or perfect the record for appellate review under [*Booker*] for unreasonable sentence."[8] Second, Movant alleges that he "was eligible for application of the early disposition program," and that his counsel was ineffective by failing "to request a reduction from the Guideline range based on [the] fast/track program."[9] Therefore, Movant alleges that the Court "failed to take into

---

[6] J. & Commitment 2, Nov. 8, 2011, ECF No. 35.

[7] J., Dec. 20, 2012, ECF No. 48.

[8] Mot. 4.

3

account mitigating factors under 18 U.S.C. § 3553(2) and consider [Movant's] request for [the] fast/track program based on a timely plea of guilty, where he met all [of] the factors to qualify for application of § 5K3.1."[10] Finally, Movant alleges that his "criminal history category was erroneously calculated as VI instead of IV," and that "Counsel failed to file a timely objection" to this erroneously calculated criminal history category.[11] Movant maintains that a criminal history category of VI is "incorrect at [thirteen] or more criminal points."[12] Instead, Movant alleges that he was at eight points, which placed him in a criminal history category of IV.[13] Further, Movant alleges he "suffered a prejudicial effect with an increase of 27 month[s] of jail time."[14]

---

[9] *Id.* at 5.

[10] *Id.*

[11] *Id.* at 7.

[12] *Id.*

[13] *Id.*

[14] *Id.*

4

## II. LEGAL STANDARD

A § 2255 motion is subject to a one-year statute of limitations period, which begins to run on one of four possible dates.[15] One of the dates on which the clock may begin to run is the date the conviction becomes final.[16] "[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."[17] Alternatively, if applicable, the clock may also begin to run on the date on which the facts supporting the claim, or claims, presented could have been discovered through the exercise of due diligence.[18] "Due diligence,"

---

[15] 28 U.S.C. § 2255(f) (2012).

[16] *Id.* at §2255(f)(1).

[17] *Clay v. United States*, 537 U.S. 522, 525 (2003).

[18] The other two dates set out in § 2255 are the following: "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(2)–(3). Neither of these two dates is applicable in the instant case because Movant has not claimed that any governmental action created an

5

as it is used in § 2255(f)(4), "'can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize' that he should act."[19] For § 2255(f)(4) to apply, "a petitioner's diligence must merely be due or reasonable under the circumstances."[20] "The important thing is to identify a particular time when . . . diligence is in order."[21]

Regardless of which of the four dates set out in § 2255 is applied, the one-year statute of limitations period is subject to equitable tolling "in rare and exceptional circumstances."[22] A movant is entitled to equitable tolling only when he shows the following: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

---

impediment to Movant filing his Motion or that the Supreme Court has newly recognized a right that is applicable to this case.

[19] *United States v. Jackson*, 470 F. App'x 324, 327 (5th Cir. 2012) (quoting *Johnson v. United States*, 544 U.S. 295, 308 (2005)).

[20] *Id.*

[21] *Johnson*, 544 U.S. at 308.

[22] *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) ("Only extraordinary cases justify the invocation of equitable tolling[.]") (internal quotation marks omitted); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

and prevented timely filing."[23] Equitable tolling is not available for "garden variety claims of excusable neglect,"[24] and "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[25] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[26] Rather, "[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."[27]

## III. ANALYSIS

Movant's Motion is time-barred pursuant to § 2255(f), and equitable tolling is not applicable in the instant case. Here, the one-year limitations period began to run on the date Movant's judgment of conviction became

---

[23] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[24] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

[25] *Patterson*, 211 F.3d at 930 (internal quotation marks omitted).

[26] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[27] *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992).

final, in accordance with § 2255(f)(1). As outlined above, a judgment of conviction becomes final when the time for filing a petition for certiorari expires.[28] In this case, the Court of Appeals for the Fifth Circuit affirmed Movant's conviction on November 15, 2012,[29] therefore, Movant had until February 12, 2013, to file a petition for writ of certiorari, in accordance with Supreme Court Rule 13(1).[30] Consequently, the one-year limitations period began to run on February 12, 2013, and Movant had until February 12, 2014, to file his Motion to set aside his conviction. However, Movant did not file his Motion until October 27, 2014.[31] Therefore, Movant's Motion is time-barred pursuant to § 2255(f).

Movant cites to §2255(f)(4), and maintains,

> the record will demonstrate that Movant is . . . pro se and did not have any legal assistance to develop the record, to advance his

---

[28] *Clay*, 537 U.S. at 525.

[29] J., Dec. 20, 2012, ECF No. 48.

[30] "[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely filed when it is filed with the Clerk of this Court within 90 days after entry of the judgment." U.S. Sup. Ct. R. 13(1).

[31] *See* Mot.

claims of ineffective assistance, where Counsel of Record failed to inform the Court of his eligibility for a downward departure under the fast track provision.[32]

As discussed above, § 2255(f)(4) provides an alternative date for the one-year statute of limitations to begin running—the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Here, Movant's grounds for setting aside his conviction all revolve around his ineffective assistance of counsel claims. Movant claims that his counsel was constitutionally ineffective when his counsel failed to object to the pre-sentence report and the criminal history category—which Movant alleges was erroneous—and when counsel failed to request that the fast-track program be applied to his case.[33] These claims stem from facts that Movant was aware of, or could have discovered through a reasonable inquiry, since November 8, 2011, the date that the Court entered the Judgment in his case.[34] On that date, Movant was made

---

[32] Movant's Rebuttal/Traverse Mot. Gov.'s Resp. 4–7, Feb. 3, 2015, ECF No. 55 [hereinafter, Reply].

[33] Mot. 4–7.

9

aware of the criminal history category the Court applied to his case, and he was aware that his counsel did not object to his criminal history category. Finally, Movant was also aware that his counsel did not request the application of the fast-track program to his case. Furthermore, even if Movant did not discover these facts, or their significance, until after the date his conviction became final, Movant has not demonstrated that he exercised due diligence in discovering these facts, in accordance with § 2255(f)(4).

Movant also argues that he is entitled to equitable tolling: "Movant can demonstrate that Movant was pursuing his rights diligently as part of his 'equitable tolling' one-year statute of limitation."[35] However, Movant fails to demonstrate the "exceptional circumstances" necessary for equitable tolling to apply to his case.[36] Specifically, Movant has not shown "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood

---

[34] J. Crim. Case, Nov. 8, 2011, ECF No. 35.

[35] Reply 2.

[36] *Patterson*, 211 F.3d at 928.

10

in his way" of timely filing his Motion.[37] Movant claims that he "did not have any legal assistance to develop the record, to advance his claims of ineffective assistance."[38]  However, The Fifth Circuit Court of Appeals has held that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."[39]  "[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings."[40]  Furthermore, "neither a [movant's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."[41]  Therefore, Movant is not entitled to equitable tolling.

---

[37] *Holland*, 560 U.S. at 649.

[38] Reply 2.

[39] *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012).

[40] *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

[41] *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

The Court concludes that Movant's Motion is untimely, and that he is not entitled to equitable tolling. Accordingly, the Court will not address the merits of his claim.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[42] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[43] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[44] Although

---

[42] 28 U.S.C. § 2253(c)(1)(B).

[43] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[44] See 28 U.S.C. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); see also Lackey, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); but see United States v. Kimler, 150 F.3d 429, 431 n.1 (5th Cir. 1998) ("We have decided, however,

Movant has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[45]

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[46] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[47] To warrant a grant of the certificate as to claims that the district court rejects solely on

---

that the monolithic nature of [Federal Rule of Appellate Procedure] Rule 22(b) in conjunction with Congress's mandate for issue specificity on collateral review embodied in 28 U.S.C. § 2253(c)(3) requires a more express request. In order to obtain appellate review of the issues the district court refused to certify, the petitioner must first make the threshold substantial showing of the denial of a constitutional right. Only after clearing this hurdle may the petitioner proceed to brief and we review the merits of the rejected issues.") (internal citation omitted).

[45] *See Cardenas v. Thaler*, 651 F.3d 442, 450 n.2 (5th Cir. 2011) (citing Rule 11 to the Rules Governing § 2254 Cases).

[46] 28 U.S.C. § 2253(c)(2).

[47] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[48]

Here, Movant's Motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that he could not have raised on direct appeal that would, if condoned, result in a complete miscarriage of justice. Thus, the Court finds that it should deny Movant a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, the Court finds that Movant is not entitled to relief. The Court, therefore, concludes that it should deny Movant's Motion and dismiss his civil cause. The Court further concludes that Movant is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that Movant Ricardo Perez-Calderon's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside,

---

[48] *Slack*, 529 U.S. at 484.

or Correct Sentence by a Person in Federal Custody" (ECF No. 49) is DENIED, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Ricardo Perez-Calderon is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions in this cause are also **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this __26__ day of **October, 2015**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE